UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LORENZO MORENO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JUSTEN, et. al.,<br><br>　　　　　　　　　　Defendants. | 3:15-cv-00176-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

　　　This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　　Plaintiff Lorenzo Moreno, who is in the custody of Lakes Crossing Center[1], has filed an application to proceed in forma pauperis (ECF No. 1)[2] and pro se complaint (ECF No. 1-1).

　　　The matter of the filing fee should be temporarily deferred. The court will now screen Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I. SCREENING OF PLAINTIFF'S COMPLAINT

**A. Standard**

　　　28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a

---

[1] Lakes Crossing Center is a State-run mental health facility under the administration of the Nevada Department of Health and Human Services Division of Public and Behavioral health. *See* Organizational Chart at http://health.nv.gov/PDFs/Organization%20Charts/2014/DPBHOverviewAdministration.pdf.

[2] Refers to court's Electronic Case Filing number.

1 claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is
2 immune from such relief." 28 U.S.C. § 1915A(b).

3 Dismissal of a complaint for failure to state a claim upon which relief may be granted is
4 provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same
5 standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended
6 complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review
7 under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of
8 America*, 232 F.3d 719, 723 (9th Cir. 2000).

9 In reviewing the complaint under this standard, the court must accept as true the
10 allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976),
11 construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the
12 plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se
13 complaints are held to less stringent standards than formal pleadings drafted by lawyers, and
14 must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
15 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

16 A complaint must contain more than a "formulaic recitation of the elements of a cause of
17 action," it must contain factual allegations sufficient to "raise a right to relief above the
18 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
19 must contain something more...than...a statement of facts that merely creates a suspicion [of] a
20 legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and
21 Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough
22 facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*,
23 556 U.S. 662, 678 (2009).

24 A dismissal should not be without leave to amend unless it is clear from the face of the
25 complaint that the action is frivolous and could not be amended to state a federal claim, or the
26 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d
27 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th
28 Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff is in the custody of Lakes Crossing Center and has filed this complaint against the following defendants: Justen, Debbie, Oscer, and Rosa Moreno. (ECF No. 1-1 at 1.) He identifies Justen, Oscer and Debbie as peace officers, and Rosa Moreno as a "private party." (ECF No. 1-1 at 2.) He references the State mental health laws and the constitution generally. (*Id*. at 3.) He avers that his rights were violated by the peace officers at Lakes Crossing as well as by his grandmother. (*Id*.)

In Count I of the complaint, Plaintiff alleges that defendant Justen punched him in the back of the head. (*Id*. at 4.) This count contains no further details about this incident, including whether Plaintiff suffered injuries or to what extent. Moreover, Count I is duplicative of an excessive force claim proceeding against Justen in another action pending before District Judge Jones and Magistrate Judge Cooke, 3:14-cv-00533-RCJ-VPC.

The court has discretion "to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (2007). This is because "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id*. A suit is considered duplicative when the causes of action and relief sought, as well as the parties are the same. *Id*. at 688-89. Plaintiff has asserted this excessive force claim against officer Justen from Lakes Crossing in both of these cases. Therefore, the claim being asserted against Justen in this action should be dismissed.

In Count II, Plaintiff alleges that defendants Oscer and Debbie open his mail when it comes to Lakes Crossing. (*Id*. at 5.) Count II does not state any facts that give rise to a cognizable claim for relief. The fact that these officers opened Plaintiff's mail at Lakes Crossing is not sufficient in and of itself to state a constitutional claim.

In Count III, Plaintiff states that the police received a call alerting them that someone was running around with a knife, and two police officers approached Plaintiff and asked him if he had seen anyone running around with a knife. (*Id*. at 6.) Plaintiff responded that he had not. (*Id*.)

1   He contends that his grandmother then opened the door, and let the officers in, and lied to the
2   officers. (*Id*.) Plaintiff was then arrested, and one of the officers wrote a report that said Plaintiff
3   had held a knife to his grandmother's neck. (*Id*.) Plaintiff identifies Rosa Moreno as the only
4   defendant in Count III. As it stands, Count III contains no facts giving rise to a cognizable claim
5   for relief.
6         In an abundance of caution, Plaintiff should be given leave to amend as to Counts II and
7   III.

## II. RECOMMENDATION

9         IT IS HEREBY RECOMMENDED that the District Judge enter an order:
10  (1) Deferring a decision on the application to proceed in forma pauperis (ECF No. 1);
11  (2) Directing the Clerk to file the complaint (ECF No. 1-1);
12  (3) Dismissing Count I as duplicative of the excessive force claim being asserted in 3:14-cv-
13  00533-RCJ-VPC;
14  (4) Dismissing Counts II and III with leave to amend;
15  (5) Directing the Clerk to send Plaintiff the approved form for filing a complaint under 42 U.S.C.
16  § 1983, instructions for the same, and a copy of his original complaint (ECF No. 1-1). Advising
17  Plaintiff that: if he chooses to file an amended complaint, he must use the approved form and
18  write the words "First Amended" above the words "Civil Rights Complaint" in the caption; if he
19  chooses to file an amended complaint, it shall be filed within 30 days of the date of entry of an
20  order adopting and accepting this report and recommendation; if he fails to file an amended
21  complaint curing the deficiencies outlined in this order, the action will be dismissed without
22  prejudice; and any amended complaint must contain all claims, defendants and factual
23  allegations Plaintiff wishes to pursue in this lawsuit.
24        Plaintiff should be aware of the following:
25        1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to
26  this Report and Recommendation within fourteen days of receipt. These objections should be
27  titled "Objections to Magistrate Judge's Report and Recommendation" and should be
28  accompanied by points and authorities for consideration by the district judge.

- 4 -

      2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: September 14, 2015.

                                                _____
                                                WILLIAM G. COBB
                                                UNITED STATES MAGISTRATE JUDGE