**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LORENZO MORENO,<br><br>    Plaintiff,<br><br>    vs.<br><br>JUSTEN, *et. al.,*<br><br>    Defendants. | Case No.: 3:15-CV-00176-RCJ-WGC<br><br>**ORDER** |

    On January 5, 2016, this Court entered Order (ECF #5) adopting and accepting the Report and Recommendation of United States Magistrate William G. Cobb (ECF #3).  The Report and Recommendation deferred decision on the Application to Proceed *In Forma Pauperis* (ECF #1), directed the Clerk of the Court to file the Complaint (ECF #1-1), dismissing Count I as duplicative of the excessive force claim being asserted in 3:14-CV-533-RCJ-VPC.  Counts II and III were dismissed with leave to amend and the Clerk of the Court was directed to send Plaintiff the approved form for filing a complaint under 42 U.S.C. § 1983 advising Plaintiff that: if he chooses to file an amended complaint, it shall be filed within 30 days of the date of entry of an order adopting and accepting and or on or before February 6, 2016.

    On January 15, 2016 the Court's Order (ECF #5) was returned undeliverable "Return to Sender Insufficient Address Unable to Forward" (ECF #7).  Plaintiff has failed to comply with the Order within the allotted time.

///

///

///

**Local Rules of Special Proceedings and Appeals 2-2 Change of Address provides as follows:**

"The plaintiff shall immediately file with the Court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action with prejudice."

"Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (internal citations and quotations omitted). All five factors point in favor of dismissal.

Plaintiff has failed to show good cause why this action should not be dismissed without prejudice for failure to comply with Court Order (ECF #5). Accordingly,

IT IS HEREBY ORDERED that this action is DISMISSED without prejudice for Plaintiff's failure to comply with the Court Order (ECF #5). The Clerk of the Court shall enter judgment accordingly and close the case.

DATED this 18th day of March, 2016.

_____
ROBERT C. JONES
District Judge